# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

Ralph Fuller,

    Petitioner

v.

Brian Williams, et al.,

    Respondents

2:14-cv-02163-JAD-CWH

**Order Denying Motion for Appointment of Counsel, Granting Motion to Strike, Granting Motion to Dismiss Petition, Dismissing Petition with Prejudice, and Closing Case**

[ECF 5, 6, 12]

    Nevada state prisoner Ralph Fuller brings this § 2254 petition to challenge his 2009 Nevada state court conviction and sentence for voluntary manslaughter with the use of a deadly weapon.[1] Fuller asserts a single claim for ineffective assistance of trial counsel.[2] Respondents move to dismiss Fuller's petition arguing that Fuller's petition is untimely, unexhausted, and procedurally barred. I find that Fuller's petition is time-barred by AEDPA's one-year limitations period, so I grant respondents' motion, deny Fuller's motion for appointment of counsel, grant respondents' motion to strike, dismiss Fuller's petition with prejudice, and close this case.

## Background

**A.   Fuller's conviction and sentence**

    Fuller was charged with murder with the use of a deadly weapon in Nevada's Eighth Judicial District Court in February 2009.[3] On November 30, 2009, the state filed an amended information charging Fuller with manslaughter with the use of a deadly weapon,[4] and Fuller pleaded guilty to that

---

[1] ECF 1, ECF 6-17.

[2] ECF 1 at 3.

[3] ECF 6-5 at 2.

[4] ECF 6-18.

charge.[5]  In the written plea agreement, the parties stipulated to the maximum sentence of 8–20 years.[6]  Two months later, the trial judge sentenced Fuller to ten years (with parole eligibility after four years) for the manslaughter charge plus an equal, consecutive sentence for the weapon enhancement.[7]  The clerk filed the judgment of conviction on February 18, 2010.[8]  Fuller did not appeal.

### B. Post-conviction proceedings in state court

On February 4, 2013—almost three years after Fuller's judgment of conviction was entered—Fuller filed a state habeas petition.[9]  Fuller's state petition raised two-ineffective-assistance-of-trial-counsel claims.[10]  On April 10, 2013, the state trial court dismissed Fuller's petition as untimely.[11]  Fuller filed a motion to reconsider and a petition for writ of mandamus compelling the court to appoint counsel for his habeas proceedings; both were denied.[12]  The Nevada Supreme Court affirmed the dismissal of Fuller's petition, and remittur issued on September 14, 2014.[13]

Fuller dispatched this federal habeas petition on September 21, 2014.[14]  Fuller's petition raises one ineffective-assistance-of-counsel claim alleging that his counsel was ineffective for failing

---

[5] *See* ECF 6-17.

[6] *Id.* at 2.

[7] ECF 6-20 at 2.

[8] ECF 6-21.

[9] ECF 6-28.

[10] ECF 6-28 at 8–9.

[11] ECF 6-32.  A written order followed on May 6, 2013.  ECF 6-33.

[12] ECF 6-37 (minutes denying motion to reconsider); ECF 6-38 (notice of appeal); ECF 6-40 (minutes denying motion for writ of mandamus); ECF 6-41 (written orders denying both motions).

[13] ECF 6-42.

[14] ECF 1.

"to have the sentencing judge put on record the reasons [for sentencing Fuller] to an equal term for the deadly weapon" and for failing "to file an appeal challenging the trial court's failure to create a record supporting imposition of the deadly weapon enhancement."[15] Respondents move to dismiss Fuller's petition as time-barred.[16] Alternatively, respondents argue that dismissal is proper because Fuller's claim is unexhausted and procedurally barred.[17]

## Discussion

### A.   Fuller's petition must be dismissed because it is untimely.

Fuller's petition is subject to AEDPA's one-year limitations period, which began to run on the date that Fuller's state-court judgment of conviction became final.[18] A judgment is final at "the conclusion of direct review or the expiration of the time for seeking [that] review." Because Fuller did not directly appeal his conviction, it became final on March 19, 2010—when the deadline to file a direct appeal expired.[19] Because Fuller's one-year clock began to run on March 19, 2010, it expired on March 19, 2011, unless there was tolling.

The time that a timely filed state habeas petition is pending is excluded from the limitations period.[20] But Fuller's state petition was not timely;[21] he did not file his state habeas petition until

---

[15] ECF 1 at 3.

[16] *See* ECF 6.

[17] *Id.*

[18] 28 USC § 2244(d)(1)(A). There are other dates on which the limitations period can begin to run; none of them apply here.

[19] 28 USC § 2244(d)(1)(A); Nev. R. App. P. 4(b)(1)(A) (providing that "the notice of appeal by a defendant or petitioner in a criminal case [must] be filed with the district court clerk within 30 days after the entry of the judgment or order being appealed.").

[20] 28 USC § 2244(d)(1)(2).

[21] ECF 6-42 at 2 (Nevada Supreme Court order affirming district court's dismissal of Fuller's state habeas petition as untimely); *see also* NRS § 34.726(1) ("Unless there is good cause shown for a delay, a petition that challenges the validity of a judgment or sentence must be filed within 1 year after entry of the judgment of conviction . . . . .").

February 4, 2013[22]—almost three years after his conviction became final and almost two years after the federal limitations period had expired. Because Fuller's state petition was filed *after* the state and federal limitations periods had already run, the 19 months during which Fuller's state habeas petition was pending cannot be excluded from the statutory period. And even if this time could be excluded, Fuller's petition would still be 11 months late. Because Fuller's petition must be dismissed as untimely, I decline to address respondents' arguments that Fuller's petition must also be dismissed on exhaustion and procedural default grounds.[23]

**B.     Fuller's motion for appointment of counsel is denied.**

There is no constitutional right to counsel for a federal habeas corpus proceeding.[24] But, the district court has discretion to appoint counsel if the "interests of justice require representation," and the court must appoint counsel if the case is so complex that denial of counsel would amount to a denial of due process, or the petitioner has such limited education that he is incapable of fairly presenting his claims.[25] Fuller moves for appointment of counsel, conclusorily arguing that "the issues in this case are complex and that [he] is unable to adequately present [his] claims without appointment of counsel."[26] Because Fuller's petition sufficiently presents his claim, and the defect in his petition is not something that counsel could fix, Fuller's motion for appointment of counsel is denied.

**C.     Respondents' motion to strike is granted.**

Fuller filed a "Proper Person Respond to Respondents Bad-Faith Reply To Petitioner's

---

[22] ECF 6-27, 6-28.

[23] Citing *Martinez v. Ryan*, 132 S.Ct. 1309 (2012), Fuller argues that he has shown "good cause" for me to consider his procedurally defaulted claim. *See* ECF 9. *Martinez* provides that ineffective assistance of post-conviction counsel may establish cause to allow a federal court to consider a procedurally defaulted ineffective-assistance-of-trial-counsel claim. Because I am dismissing Fuller's petition as untimely, rather than procedurally barred—as the Nevada Supreme Court dismissed Fuller's petition as untimely—I do not consider Fuller's *Martinez* argument.

[24] *Penn. v. Finley*, 481 U.S. 551, 555 (1987).

[25] *See Chaney v. Lewis*, 801 F.2d 1191, 1196 (1986), *cert. denied*, 481 U.S. 1023 (1987).

[26] ECF 5.

Opposition To Respondents' Motion to Dismiss the Petitioner's Writ of Habeas Corpus" in response to respondents' reply in support of their dismissal motion.[27]  Local Rule 7-2 authorizes the filing of a motion, opposition, and reply only.  "Courts in this district routinely interpret Local Rule 7-2 to allow surreplies only by leave of court, and only to address new matters raised in a reply to which a party would otherwise be unable to respond."[28]  Fuller's filing does not address new matters raised in respondents' reply, and he did not seek leave of court before filing it.  I also note that the arguments raised in Fuller's surreply do not change the outcome of this case.  I therefore grant respondents' motion and strike Fuller's unauthorized surreply.

**D.  I decline to issue a certificate of appealability.**

To obtain a certificate of appealability, a petitioner must make "a substantial showing of a denial of a constitutional right"[29] by showing that "reasonable jurists would find the district court's assessment of the constitutional claim debatable or wrong."[30]  To meet this threshold inquiry, the petitioner must demonstrate that the issues are debatable among jurists of reason, that a court could resolve the issues differently, or that the questions are adequate to deserve encouragement to proceed further.[31]  Because no reasonable jurist would find my conclusion that Fuller's petition is untimely debatable or wrong, I decline to issue Fuller a certificate of appealability.

---

[27] ECF 11.

[28] *FNBN-RESCON I, LLC v. Ritter*, 2:11-cv-1867 2014 WL 979930, at * 6 (D. Nev. March 12, 2014) (internal citations and quotations omitted).

[29] 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000).

[30] *Slack*, 529 U.S. at 484.

[31] *Id.*

## Conclusion

Accordingly, with good cause appearing and no reason to delay, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Fuller's motion for appointment of counsel **[ECF 5] is DENIED**; and respondents' motion to strike **[ECF 12] is GRANTED.** The Clerk of Court is instructed to **Strike ECF 11 from the record.**

IT IS FURTHER ORDERED that respondents' motion to dismiss the petition **[ECF 6] is GRANTED. Fuller's petition is dismissed with prejudice as untimely, and a Certificate of Appealability is DENIED.**

The Clerk of Court is instructed to **ENTER JUDGMENT** for respondents and against petitioner and **CLOSE THIS CASE.**

Dated this 28th day of March, 2016.

_____
Jennifer A. Dorsey
United States District Judge